[Cite as *Golubski v. U.S. Plastic Equip.*, 2017-Ohio-4126.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | | |
|---|---|---|---|
| ROBERT J. GOLUBSKI, | : | **O P I N I O N** | |
| Plaintiff-Appellee, | : | | |
| - vs - | : | **CASE NO. 2016-P-0055** | |
| UNITED STATES PLASTIC EQUIPMENT, LLC, et al., | : | | |
| | : | | |
| Defendant-Appellant. | : | | |
| | : | | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 00365.

Judgment: Affirmed.

*Peter P. Lorenz* and *Oliver T. Koo,* 250 South Chestnut Street, Suite 23, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Scott J. Flynn,* Flynn, Keith & Flynn, 250 South Water Street, P.O. Box 762, Kent, OH 44240 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, United States Plastic Equipment, LLC, et al., appeal from the judgment of the Portage County Court of Common Pleas, finalizing the legal description of certain real property to which appellee, Robert J. Golubski, was granted title by operation of the doctrine of acquiescence. In *Golubski v. United States Plastic Equipment, LLC*, 11th Dist. Portage No. 2015-P-0001, 2015-Ohio-4239 ("*Golubski I*"), this court affirmed the trial court's determination as to appellee's acquiescence claim,

but reversed and remanded the matter for the trial court to conduct the underlying proceedings and to finalize the legal description of the property in question. At issue is whether the trial court erred in concluding the final width of the property was 13'11". We affirm the judgment.

{¶2} After a trial on appellee's complaint, seeking title to a portion of real property by operation of adverse possession and the doctrine of acquiescence, the magistrate issued a decision granting appellee title on both bases. The magistrate concluded the width of the property was set by a boundary line "running east and west through the middle of the [former] lilac bush." Appellant filed detailed objections to the decision, to which appellee responded. After considering the pleadings, the trial court adopted the magistrate's decision in its entirety. On appeal, this court determined the trial court erred in adopting the magistrate's decision as it related to appellee's adverse possession claim. *Golubski I*, at ¶19-22. This court, however, affirmed the trial court's adoption of the decision on appellee's acquiescence claim. *Id.* at ¶28-35. This court ultimately reversed and remanded the matter for the trial court to set forth a formal and enforceable legal description of the subject property, particularly as it pertained to the width (north and south) of the subject property. *Id.* at ¶63.

{¶3} On remand, the trial court ordered the parties to brief the issue and provide a proposed survey and legal description of the land. Appellee provided a proposed survey and legal description which set the boundary 13'11" from appellee's home. Appellant did not provide a survey, but argued the boundary line should be 12' from the survey line. Appellant's position was premised upon appellee's statement, in his complaint, that the strip of land was "12' wide." Appellee responded, noting each witness testified the lilac bush was approximately 15' from his home. After reviewing

2

the evidence, the trial court determined the lilac bush was 15' from the side of the house and 13'11" from the survey boundary line. The court accordingly set forth a clear legal description of the property reflecting this determination. Appellant appeals and assigns the following as error:

{¶4} "The trial court committed prejudicial error by establishing the new boundary line 13 feet, 11 inches from the current survey line."

{¶5} Under this assignment of error, appellant contends the trial court erred when it granted appellee more land than he demanded in his complaint. He maintains appellant could have, but failed to formally move the court to amend his complaint, pursuant to Civ.R. 15, prior to trial. Because he failed to so move the court, the trial court was constrained to grant only that amount of property set forth in his complaint, i.e., a 12' strip. In support, appellant cites *Hacker v. House*, 12th Dist. Butler No. CA2014-11-230, 2015-Ohio-4741.

{¶6} In *Hacker*, the plaintiffs brought an action against their neighbors, alleging they should be given title to a certain portion of property via adverse possession and prescriptive easement. At trial, the plaintiffs moved to amend their complaint to include an additional claim regarding a noncontiguous portion of property not set forth in their original complaint. The defendants immediately objected. The trial court denied the motion and permitted the plaintiffs to move forward only on the disputed property originally plead in their complaint. On appeal, the Twelfth District affirmed the trial court's denial. The court recognized that Civ.R. 15(B) permits the court to freely allow the amendment of pleadings; if, however, the opposing party objects, the court may disallow such an amendment, particularly where such an amendment would cause the opposing party undue prejudice. *Hacker*, *supra*, ¶37-40. The court ultimately observed

3

that "the [plaintiffs] could have easily moved to amend their complaint prior to trial rather than wait until after the trial had already begun to make such a request." *Id.* at ¶40.

{¶7} This case is distinguishable from *Hacker*. Civ.R. 15(B) allows for the amendment of pleadings to conform to the evidence presented at trial. It provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Civ.R. 15(B) also provides, however, that if the evidence is objected to at trial, on the ground that it is not within the issues alleged in the pleadings, "the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits." Furthermore, the staff notes to Civ.R. 15(B) indicate that where, as here, the opposing party does *not* object to the introduction of the new evidence, the trial court need not amend the pleading; instead, the evidence will be considered by the trial court and treated as if it had been raised in the pleading.

{¶8} At trial, Louis Giffels, a licensed professional surveyor, testified that he visited the property in question and observed "disturbed earth" where the lilac bush was formerly located. He testified that the region in question was between 12' and 15' from the side of appellee's house. Moreover, Lynn B. Corbett, a former resident of the property currently owned by appellant, testified the lilac bush was about 15' away from the edge of appellee's home. Appellee testified that the prior owner of appellant's property advised him the property line went down the center of the lilac bush. Appellee further testified he was "very surprised" to learn the property line was not 15' from the edge of his home. At no point did appellant object to the foregoing testimony. Under

4

the circumstances, appellee was not required to amend his complaint and the trial court was entitled to treat the evidence as if it had been raised in the pleading.[1]

{¶9} Additionally, on remand, appellee submitted a survey, which set the boundary at 13.92' from the edge of the house. Although appellant objected to the survey, asserting appellee was bound by his original complaint, which alleged the boundary was 12', the original complaint also provided that "description of the land will be more fully described at trial." Implicitly, the complaint indicated appellee would advance evidence to supplement its description in the complaint. Appellee did so at trial and appellant failed to object. Because the trial court was authorized to consider the testimony that the boundary was between 12' and 15' from the house, and the survey set forth a boundary line (which ran through the center of the bush) within those estimations, we conclude it did not err when it set the boundary at 13'11" from the edge of the house.

{¶10} Appellant's assignment of error lacks merit.

{¶11} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.

---

1. Appellee moved to amend his complaint, post-judgment, to conform to the evidence at trial. It is unclear whether the trial court ruled on this motion. Given our analysis, however, the motion to amend is inconsequential because the trial court was permitted to consider the evidence that the boundary line went through the middle of the lilac bush, which was between 12' and 15' from the home.